## 78

### HUNT vs. HOLLAND & MILLER.

Where a party is entitled to amend his bill as of course under the rules of the court, he may enter an order of course to amend; and it is not necessary to set out the amendments in the order.

If a bill which has been sworn to is amended under the 190th rule, and a new engrossment of the bill and amendments is filed, the defendant is entitled to a copy of the bill as originally filed, as well as of the amended bill, unless the amendments are particularly designated in the copy of the latter which is served.

December 20. THIS was an appeal from an interlocutory decision of the vice chancellor of the eighth circuit. The complainant filed a bill as a judgment creditor, and obtained the usual injunction. A few days afterwards, and before either of the defendants had appeared, he discovered that certain allegations required by the 189th rule of the court had been omitted in the bill. His solicitor immediately applied to the clerk, and obtained a common order to amend his bill, in comformity to the 190th rule. The bill was amended by re-drawing the bill and incorporating therein the amendments, together with the matters stated in the original bill, to which the amendments were merely additions. The bill thus prepared was resworn, and endorsed "amended bill." It was then filed, but the clerk did not actually attach it to the original which remained on file. Neither were the amendments particularly marked, so as to distinguish them from the original matter. The defendants afterwards appeared in the cause, and the complainant's solicitor served a copy of the bill as amended, with a notice of the order to answer the same. The defendants thereupon applied to the vice chancellor to set aside the order to amend the bill, for irregularity, and to take the amended bill off the files of the court. The vice chancellor denied the application, with costs; from which decision the defendants appealed to the chancellor.

The following is the opinion of the vice chancellor, which was pronounced at the time the application was denied by him:

GARDNER, V. C. By the 43d rule, if a bill has not been sworn to, the complainant may amend, at any time before plea, answer or demurrer put in, of course, without costs. By the

190th rule, a creditor's bill may be amended of course in the same manner as bills not sworn to, if the amendments are merely in addition to, and not inconsistent with the original bill.

· By this rule, the complainant had a right to amend his bill at any time before answer. The amendments were in fact made before the appearance of the defendants. It does not distinctly appear from the affidavits whether the amendments were incorporated into the rule in hæc verba, or whether any reference was made in the rule to the amendments and to the original bill so as to enable the defendants, by the assistance of the rule, clearly to distinguish the precise amendments authorized by the rule. If this was necessary to prevent confusion in the records of the office, I am bound to presume it done in the present case.

The practice in the supreme court at present is to enter a rule that the party have leave to amend his pleading without specifying particulars. In the case of bills sworn to, perhaps a stricter practice ought to prevail. I cannot perceive that the defendants could be prejudiced by the course adopted. They must answer the bill and amendments together. If the amendments and the bill were engrossed together, and thus served, it would seem that by thus presenting the whole matter to be answered at one view, the defendants would rather be aided than embarrassed. Perhaps the notice to answer ought in strictness to apprize the defendants that the bill had been amended, but this is not objected to upon the present motion. Upon the whole, I am of opinion that the motion be denied, with costs.

*N. Bacon*, for the complainant, insisted that he was entitled to an order of course to amend in this case under the 43d and the 190th rules of this court.

*H. Gay*, for the defendants. There should have been either an affidavit, or a special order of the vice chancellor, as the foundation of the order granting the complainant leave to amend ; and the amendment should have been incorporated into the rule. The 190th rule of this court, permitting a judgment creditor's bill to be amended, of course,

1831.

Hunt
v.
Holland.

does not dispense with the necessity and reason of an affida-vit, &c. as its foundation, to be filed, &c. or a special order for that purpose. It was intended only to dispense with notice to the opposite party, as on bills not sworn to, under the 43d rule ; and the reason, if any, why a creditor's injunction bill should be more favored than others, seems to be, that the par-ty should not be obliged, as under the 43d rule, to give no-tice, &c. whereby the debtor might by stratagem transfer his choses in action or pay other debts, and thereby defeat the ob-ject of the complainant's bill. The other reasons, which are applicable to sworn bills, apply to this : that parties shall not be permitted to intermeddle with papers on file, which they have deliberately sworn to, without reasonable cause shewn. There should also have been something here shewing that this was a creditor's bill, and what were the omissions, &c. In the amendments, of all bills not sworn to, it would seem to be the better practice, under the 43d rule, that there should be some foundation for the order entered by the clerk, other than the suggestion of the party. The amend-ments also should have been incorporated in the order. The vice chancellor was of this opinion, but in the absence of proof, he thought he was bound to presume it done. I think it satisfactorily appears from the affidavit of the de-fendant's solicitor and the supposed amended bill, that this was not done ; and it is not stated in the affidavit of the complainant's solicitor that it was done. The supposed amended bill was not attached, nor did it refer to the ori-ginal bill, or in the least distinguish wherein the amend-ment consisted, but was in form an original bill. This clear-ly was irregular. The complainant should have attached his amendment, if it were such as could not have been interlin-ed in the original bill, to the original bill, and referred there-to, and clearly distinguished the parts of the original bill where the amendments were to be inserted. This practice seems not only to have been strictly required by the English court of chancery, but by our own court. The cases of *Luce* v. *Graham*, (4 *John. Ch. Rep.* 170,) and *Willis* v. *Evans*, (2 *Ball & Beat-ty*, 225,) are directly in point. The court unhesitatingly there adopt the general principle, and, in their own language, say

that " amendments should be distinctly shown, so that they may be easily perceived. They are either to be made by interlineation, or to be inserted in the margin, if short, or by being separately engrossed and annexed to the original bill." The same principle is contained, and the foregoing authorities cited in its support, in the case of *The Barrington Iron Co.* v. *Campbell*, (2 *Paige*, 159.) There the amendments were made in the usual manner, by attaching the amendments to the bill, and designating where they were to come in or be inserted ; but the copy served contained the matter of the original bill, as well as the amendments, without any such designation.

An original and amended bill are as one, and the records are always fixed together. (4 *Brid. Dig.* 77, *sect.* 65. 2 *Atk.* 119. 1 *Paige*, 124.) It may be said that the cases in Johnson and Paige, above cited, were where the defendants had put in their answer before the amendments, and that the reasons therefor are not applicable to the case before the court. The chancellor in both cases, in adopting the principle contended for here, does not proceed upon that ground at all, or in the least allude to it ; but speaks of it in general terms, as the familiar and well established practice in all cases ; nor does the reason of the rule cease with those cases, but applies to the present case. Perhaps one reason, which might be urged in the case of an answer before amendment, that the party should be apprised of the new matter, to be answered in some significant manner without comparison, as a matter of convenience merely, does not exist in this case. Also one reason for the rule for which we contend, existing under the English practice, does not apply here ; which was, that the defendant in England is obliged to procure an office copy of the bill at his own expense, and therefore to prevent the increased and unnecessary expense of taking copies of amendments, the complainant should not engross therein the original bill ; still the same evil enters into our practice, which the English practice intended to remedy, on the final taxation of costs ; and for that reason it is that an amended bill adopting all the allegations and charges of the originial bill may be re-

ferred for impertinence. (*Hoff. Master*, 323.  2 *Ball & Beatty*, 225.) The complainant having entered his order granting him leave to amend, should have pursued it, and not have filed an original bill.   The defendants have a right to know, before they answer, whether the complainant has legally entitled himself to file such bill.   The copy of the bill served purported in every respect to be an original, and the notice to answer did not designate it as an amended bill.   The supposed amendment was inconsistent with the original bill.

The vice chancellor improperly awarded costs against the defendants.

THE CHANCELLOR.   It was not necessary in the order for amendment, under the 190th rule, to specify in the order the particular amendments which were intended to be made.  As the complainant had a right in this case to make any àmendments to the original bill, which were merely in addition thereto, and not inconsistent with what was contained therein, it was sufficient to enter an order to that effect; and it would have been an useless expense to set out the amendments at length in the order.   The ordinary practice under the 43d rule, and in other cases where the complainant has a right of course to amend a bill not sworn to, is to enter a common order that he be permitted to amend his bill as he may be advised, without specifying the amendments in the order. The order entered under the 190th rule should be the same in substance, adding thereto the restriction contained in that rule.   There is no pretence here that any part of the original bill has been left out, or that the additional matters are inconsistent with the original bill.   It was probably necessary, in this case, to re-engross the original matter with the amendments, as the latter were numerous and long.   And from an examination of the whole, it is evident the amendments could not have been verified by oath in such manner as to make them intelligible, without incorporating them in this manner with the original matter, or preceding them with recitals, which would have made them longer than the whole amended bill now is, including the original matter.  If it was ne-

cessary to attach the amended bill to the original bill on file, it was the business of the clerk to do it. But in point of fact, it is seldom done, as all the papers in the cause are usually placed together in the same bundle, and without sealing the original bill and the amendments together where there has been a re-engrossment of the whole bill.

The amendment in the case of *Luce* v. *Graham*, (4 *John. Ch. Rep. p.* 172,) and the *Bennington Iron Co.* v. *Campbell*, (2 *Paige's Rep.* 160,) was in a different stage of the suit, and where it became necessary to discriminate between the original bill and the amendments. As no copy had been served, and no answer put in or appearance entered, at the time of the amendment in this case, there could have been no particular use or benefit to the defendants, or to any one, in having the amendments marked as such in the re-engrossment, or in the copy of the amended bill which was served. But as an injunction had been issued, which the defendants might apply to have dissolved, upon the matter of the original bill only, they might probably have compelled the complainant to furnish them with a copy of the bill, with the jurat annexed thereto, as originally filed, in addition to the copy of the bill as amended. An application to vacate the order to amend, and to take the amended bill off the files, however, was not the proper mode of effecting that object.

As the defendants founded their claim to relief upon a question of strict legal right, and not upon any merits in their application, they were very properly charged with the costs to which they had unnecessarily subjected the other party.

The order of the vice chancellor must therefore be affirmed, with costs.